# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY A. MAXSON, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:16-cv-00152-APG-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| H&R BLOCK, INC., ) | |
| ) | |
| Defendant. ) | |

Presently before the court is Plaintiff Kimberly A. Maxson's Motion for Full CM/ECF Use (ECF No. 10), filed on April 28, 2016.  Plaintiff filed an affidavit (ECF No. 12 at 11-13) in support of the motion on May 16, 2016.

Also before the court is Plaintiff's Motion for Expansion of Time to File Waiver or to Complete Service (ECF No. 13), filed on May 26, 2016.  Plaintiff filed a supplement (ECF No. 14) and affidavit (ECF No. 15) in support of the motion on June 2, 2016.

**I.     MOTION FOR CM/ECF ACCESS (ECF No. 12)**

In her motion requesting full access to CM/ECF, the court's electronic filing system, Plaintiff states that she was granted electronic filing privileges in another case pending in this district, case number 2:14-cv-02116-APG-NJK.  Plaintiff requests that she be given the same electronic filing privileges in this case.

On April 30, 2015, Magistrate Judge Nancy J. Koppe gave Plaintiff permission to file electronically in case number 2:14-cv-02116-APG-NJK.  (Order (ECF No. 31).)  In that case, Plaintiff filed the required certification stating that she completed the CM/ECF tutorial and is familiar with the Electronic Filing Procedures, Best Practices, and the Civil & Criminal Events Menu that are available on the court's website.  (Certificate of Compliance (ECF No. 32).)  Given

that Plaintiff followed the required procedures in 2:14-cv-02116-APG-NJK, the court finds it is in the interest of justice to allow Plaintiff to file electronically in this case as well. The court therefore will grant Plaintiff's motion to use the court's electronic filing system in this case.

## II.    MOTION TO EXTEND TIME TO SERVE (ECF No. 13)

Plaintiff filed her complaint against Defendant H&R Block, Inc. on January 27, 2016. (Compl. (ECF No. 1).) On April 26, 2016, Plaintiff filed a copy of Form AO 398, Notice of a Lawsuit and Request to Waive Service of a Summons, directed to CT Corporation System, which Plaintiff alleges is H&R Block's registered agent in the State of Missouri. (*Id.* at 6; Request for Waiver of Service (ECF No. 9).) The waiver of service form includes a certification that the request was sent to H&R Block's registered agent on April 26, 2016. (Request for Waiver of Service (ECF No. 9).) Plaintiff attaches to her motion a United States Postal Service tracking printout that Plaintiff represents is proof that H&R Block's registered agent received the waiver of service form. (Mot. (ECF No. 13) at 16, 21-22.) The tracking printout indicates that the shipment was picked up on May 18, 2016, and was delivered on May 20, 2016. (*Id.* at 21-22.) Although her motion and the supporting supplement and affidavit are somewhat unclear, the court understands Plaintiff to be requesting additional time to serve H&R Block on the grounds it did not respond to Plaintiff's request for waiver of service.

"[S]ervice of process is the means by which a court asserts jurisdiction over the person." *Securities and Exchange Commission v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (citation omitted). Rule 4(h) provides that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic . . . corporation . . . must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . .

Fed. R. Civ. Proc. 4(h)(1). Rule 4(e) provides that service may be made in a judicial district of the United States by:

/ / /

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . .
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally; . . .
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.* Rule 4(d) provides in relevant part that corporations subject to service under Rule 4(e) or (h) have "a duty to avoid unnecessary expenses of serving the summons." *Id.* at 4(d)(1). Thus, a plaintiff may request a waiver of service of process under the Rules, and sanctions may be imposed where a defendant fails to return the same. *See* Rule 4(d)(2).

Rule 4(m)[1] establishes the time for service on domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing version of Rule 4(m) with 120-day deadline). If the serving party does not show good cause, the court has discretion to extend time for service, or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Here, Plaintiff's complaint was filed on January 27, 2016, making her deadline to serve H&R Block April 26, 2016. Plaintiff's waiver of service form includes a certification that it was

---

[1] Rule 4(m) was amended effective December 1, 2015, to reduce the presumptive time for serving a defendant from 120 days to 90 days.

sent to H&R Block's registered agent on April 26, 2016. However, the tracking information that Plaintiff provides to the court states that the shipment was sent on May 18, 2016 and was delivered on May 20, 2016—nearly one month after the service deadline. Plaintiff does not present any argument or authority indicating that a defendant has a duty to respond to a waiver of service that was not sent or received until after the 90-day time limit for service has expired. Regardless, the court finds that it need not resolve this issue given that Plaintiff is requesting an extension of time to serve H&R Block.

Plaintiff has not demonstrated good cause to extend time to serve H&R Block. Although Plaintiff argues good cause exists because she sent the waiver of service form to H&R Block, it appears that the form was not sent or received until nearly one month after the 90-day deadline expired. Further, Plaintiff failed to move to extend time to serve H&R Block before the 90-day deadline expired. Plaintiff therefore has not been diligent in attempting to serve H&R Block. Regardless, under Rule 4, the court has discretion, even without good cause, to extend the time for service. Given that this is Plaintiff's first request to extend time for service, the court will grant Plaintiff until November 1, 2016, to serve H&R Block. Plaintiff is advised that failure to comply with this deadline or to timely request an extension of this deadline will weigh strongly against a finding of good cause in the future.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Kimberly A. Maxson's Motion for Full CM/ECF Use (ECF No. 10) is GRANTED. Plaintiff must contact the court's CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account for this case.

IT IS FURTHER ORDERED that Plaintiff's Motion for Expansion of Time to File Waiver or to Complete Service (ECF No. 13) is GRANTED, making November 1, 2016, the service deadline for Defendant H&R Block, Inc.

DATED: September 1, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**