# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY A. MAXSON, ) | |
| ) | Case No. 2:16-cv-00152-APG-CWH |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| H&R BLOCK, INC., ) | |
| ) | |
| Defendant. ) | |

Presently before the court is Defendant HRB Resources, LLC's Motion to Stay Discovery and the Early Neutral Evaluation Conference (ECF Nos. 23, 24), filed on November 16, 2016. Plaintiff has requested a sixty-day extension of time to respond to this motion.

Also before the court is Plaintiff Kimberly A. Maxson's First Motion for an Expansion of Time to File Response(s) to Doc Nos. 19, 20, 23 and 24 (ECF No. 25), filed on November 30, 2016. Defendant filed a response (ECF No. 26) on December 5, 2016. Plaintiff filed a reply (ECF No. 28) on December 15, 2016. Plaintiff filed an addendum (ECF No. 29) in support of this motion on December 22, 2016.

Also before the court is Plaintiff's Motion to Exceed Page Limitation (ECF No. 27), filed on December 15, 2016. Defendant did not file a response.

**I.    BACKGROUND**

This is an employment dispute in which Plaintiff alleges Defendant discriminated against her based on disability. (*See* Compl. (ECF No. 1).) Plaintiff asserts claims under the Americans with Disabilities Act and state common law tort claims against Defendant. (*Id.* at 36-43.) Defendant contends that Plaintiff signed an employment agreement with Defendant in which she agreed to submit any dispute she had with Defendant to binding arbitration. (Mot. to Compel

Arbitration & Mot. to Dismiss or Alternatively to Stay (ECF Nos. 19, 20), Ex. A.)  Defendant therefore moves to compel arbitration and to dismiss this case.  This motion is pending before the United States district judge assigned to this case.  Defendant also moved to stay discovery and the early neutral evaluation ("ENE") conference scheduled for January 25, 2017, pending the outcome of its motion to compel arbitration and to dismiss.  (Mot. to Stay Discovery & the ENE (ECF Nos. 23, 24).)  Plaintiff requests a sixty-day extension of time to respond to Defendant's pending motions.

## II.    MOTION TO EXTEND TIME (ECF No. 25)

Plaintiff requests a sixty-day extension of time to respond to Defendant's motion to compel arbitration and to dismiss and motion to stay discovery and the ENE conference.  Although it is somewhat unclear, the court understands Plaintiff to be requesting the extension because she has encountered some technical difficulties with CM/ECF, the court's electronic filing system, and because the deadline to respond to Defendant's motion to stay discovery and the ENE fell one day before the deadline to respond to Defendant's motion to compel arbitration and to dismiss.  She also states that she has been subjected to "an increased amount of harassment that has obstructed [her] from being able to file what [she] would have otherwise filed herein in support of a complete stay if not an expansion of time as per this motion."  (Mot. to Extend Time (ECF No. 25) at 13.)  Additionally, she states that "the ENE with Judge Cam Ferenbach should be put on a stay while this court and the appropriate federal authorities are fully informed of the criminal conduct that has transpired . . . ."  (*Id.* at 14.)

Defendant opposes this request, arguing that Plaintiff should not be given additional time to oppose Defendant's motion to stay discovery and the ENE because Plaintiff concedes that this matter should be stayed.  Defendant further argues Plaintiff should not be given additional time to respond to the motion to compel arbitration and to dismiss because she does not articulate why an extension is necessary.  Additionally, Defendant states that if Plaintiff had time to prepare a seventeen-page motion with 135 pages of exhibits for the purpose of requesting a sixty-day extension, Plaintiff should have been able to oppose the motion.

///

In her reply, Plaintiff reiterates that she needs additional time to file a response to "[l]egally address the harassment that has transpired in recent months and that increased recently . . . ." (Reply (ECF No. 28) at 12.) She also argues for the first time on reply that she needs additional time because tax season begins in January and she needs sufficient time to work. Finally, Plaintiff reiterates that the early neutral evaluation should be stayed, and though she does not specifically address the motion to stay discovery, liberally construing Plaintiff's arguments, it appears Plaintiff still seeks additional time to respond to Defendant's pending motions.

The court has read and considered the parties' arguments and will grant Plaintiff's motion in part and will deny Plaintiff's motion in part. The court will give Plaintiff an additional thirty days from the date of this order to respond to Defendant's motion to compel arbitration and to dismiss and to Defendant's motion to stay discovery. Although Plaintiff requests sixty days, given that more than thirty days have passed since Plaintiff requested the extension, the court finds that a thirty-day extension will provide Plaintiff sufficient time to prepare a response. Given that the parties agree that the ENE conference should be stayed at this time, albeit for different reasons, the court will vacate the ENE set for January 25, 2017 at 10:00 a.m.

### III. MOTION FOR LEAVE TO FILE EXCESS PAGES (ECF No. 27)

Plaintiff requests leave of court to file a twenty-page reply brief in support of her motion to extend time. Plaintiff states that good cause exists for extending the page limits because she needed to cite various rules of civil procedure, professional conduct, and other statutes and cases. The court does not find that this constitutes good cause to deviate from the twelve-page limit set forth in Local Rule 7-3(a) because all litigants are similarly situated with regard to having to cite legal authority. Given Plaintiff's pro se status and the fact this is her first request to exceed page limits, however, the court will grant Plaintiff's motion. Plaintiff is advised that under Local Rule 7-3(c), the "court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted."

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Kimberly A. Maxson's First Motion for an Expansion of Time to File Response(s) to Doc Nos. 19, 20, 23 and 24 (ECF No. 25) is GRANTED

in part and DENIED in part as stated in this order. Plaintiff must file a response to Defendant's Motion to Compel Arbitration and Motion to Dismiss or Alternatively to Stay (ECF Nos. 19, 20) and Defendant's Motion to Stay Discovery (ECF No. 23) within 30 days from the date of this order. The court will defer ruling on Defendant's motion to stay discovery until it is fully briefed.

      IT IS FURTHER ORDERED that Plaintiff's Motion to Exceed Page Limitation (ECF No. 27) is GRANTED.

      IT IS FURTHER ORDERED that Defendant's Motion to Stay the Early Neutral Evaluation (ECF No. 24) is GRANTED.

      IT IS FURTHER ORDERED that the Early Neutral Evaluation set for January 25, 2017 at 10:00 a.m. is VACATED. If Defendant's motion to compel arbitration and to dismiss is denied, the parties should jointly contact Magistrate Judge Cam Ferenbach's chambers to reschedule the early neutral evaluation session.

DATED: January 4, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**