# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY A. MAXSON, | |
| Plaintiff, | Case No. 2:16-cv-00152-APG-CWH |
| vs. | **ORDER** |
| H&R BLOCK, INC., | |
| Defendant. | |

Presently before the court is Plaintiff Kimberly A. Maxson's Motion for a Stay or for an Expansion of Time (ECF No. 32), filed on February 6, 2017. Plaintiff filed a supplement (ECF No. 33) in support of the motion on February 16, 2017. Defendant HRB Resources, LLC filed a response (ECF No. 34) on February 21, 2017. Plaintiff filed a reply (ECF No. 35) on February 28, 2017. Plaintiff filed a second supplement (ECF No. 36) in support of the motion on March 8, 2017.

## I.  BACKGROUND

This is an employment dispute in which Plaintiff alleges Defendant discriminated against her based on disability. (*See* Compl. (ECF No. 1).) Plaintiff asserts claims under the Americans with Disabilities Act and state common law tort claims against Defendant. (*Id.* at 36-43.) Defendant contends that Plaintiff signed an employment agreement with Defendant in which she agreed to submit any dispute she had with Defendant to binding arbitration. (Mot. to Compel Arb. & Mot. to Dismiss or Alternatively to Stay (ECF Nos. 19, 20), Ex. A.) Defendant therefore moves to compel arbitration and to dismiss this case. This motion is pending before the United States district judge assigned to this case. Defendant also moved to stay discovery pending the outcome of its motion to compel arbitration and to dismiss. (Mot. to Stay Discovery (ECF No. 23).)

On November 30, 2016, Plaintiff requested a sixty-day extension of time to respond to Defendant's pending motions.  (Mot. for Expansion of Time to File Response(s) (ECF No. 25).)  The court granted the motion in part and denied the motion in part.  (Order (ECF No. 31).)  Specifically, because more than thirty days had passed since Plainitff's request for a sixty-day extension, the court determined that a thirty-day extension would provide Plaintiff with sufficient time to respond to Defendant's pending motions.  (*Id.* at 3.)  The court ordered Plaintiff to respond to the motions within 30 days of the date of the order, making her deadline February 3, 2017.  (*Id.* at 4.)  Although the order was dated January 4, 2017, the court's docket indicates that the order was not entered by the Clerk of Court until the following day, January 5, 2017.  (*See* docket text of ECF No. 31.)

On February 6, 2017, Plaintiff filed the instant motion for a stay or a second extension of time, arguing that she needs additional time to provide another affidavit and supporting documentation regarding her allegations of criminal conduct in both this case and another case she has pending in this district.[1]  Specifically, she states that "[a] stay is critical in both cases in order to avoid further felony offenses against myself and the United States of America and to alleviate further human suffering and to protect and save human lives."[2]  (Mot. for a Stay or Second Request for an Expansion of Time (ECF No. 32) at 2.)  In her supplement, Plaintiff states that stress and physical illness have made it difficult for her to concentrate, hindering her ability to complete and file documents in this case.

Defendant responds that Plaintiff's allegations regarding criminal conduct are irrelevant to whether she is required to arbitrate her claims against Defendant.  Defendant argues that her failure to respond to its motions by the court-ordered deadline constitutes a consent to the granting of the motions under Local Rule 7-2(d).  Defendant further argues that Plaintiff has not demonstrated

---

[1] Plaintiff has filed three affidavits regarding an alleged criminal conspiracy.  (*See* Affidavits (ECF Nos. 15, 30, 37).)

[2] Plaintiff filed this motion in this case and in *Maxson v. Mosaic Sales Solutions US Operating Company, LLC*, 2:14-cv-02116-APG-NJK.

good cause for the extension or excusable neglect for her failure to request the extension before the February 3, 2017 deadline expired.

Regarding her request for a stay of litigation, Defendant argues Plaintiff does not meet her burden to obtain a stay. Specifically, Defendant argues that Plaintiff does not present any evidence indicating that she would be harmed if a stay is not entered and that an indefinite stay would only serve to create confusion, waste time, and needlessly delay litigation of this matter. Finally, Defendant argues Plaintiff has had adequate time to respond to its motions, which is evidenced by the fact that since it filed its pending motions, Plaintiff has had time to file 7 briefs totaling 100 pages, not including exhibits, yet she has not addressed the arbitration agreement or whether discovery should be stayed while the court considers whether to enforce the arbitration agreement.

Plaintiff's reply includes documentation indicating that she sought medical attention and was prescribed medication and rest. Additionally, Plaintiff reiterates the importance of her affidavits for the court's understanding of her allegations regarding a fraud that spans the legal system and states that she requires a forty-five day stay of litigation to allow her to prepare another affidavit. In her supplement to her reply, Plaintiff specifies that she needs until March 15, 2017, to finalize and file her third affidavit. Plaintiff's third affidavit was filed on March 17, 2017. (Affidavit (ECF No. 37).)

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 6(b), the court may, for good cause, extend a deadline if a request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). After the deadline has expired, the court may extend the deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also* LR IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 509 (9th Cir. 1992).

Here, the court will apply the good cause standard for the purpose of determining whether to grant Plaintiff's request for an extension of time. Although the court's order granting Plaintiff's previous request for an extension explicitly stated that Plaintiff must respond to Defendant's pending motions within 30 days of the date of the court's order, January 4, 2017, the order was not

3

entered by the Clerk of Court until the following day, January 5, 2017.  If the 30-day deadline was calculated based on the triggering date of January 5, 2017, the thirtieth day would fall on February 4, 2017, which was a Saturday, making Plaintiff's deadline the next judicial day, which was February 6, 2017.  *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that if the last day of a time period specified by a court order is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).  Given that the instant motion was filed on February 6, 2017, the court will apply the good cause standard.

Even applying the more lenient good-cause standard, it is unclear to the court how Plaintiff's allegations of fraud and her request to prepare multiple affidavits regarding fraud bear on her ability to respond to the motions pending before the court, which are defendant's motions to compel arbitration, to dismiss, and to stay discovery while the court considers whether to compel arbitration.  It is also unclear to the court why Plaintiff was unable to respond to Defendant's pending motions given that she was able to prepare hundreds of pages of affidavits and supporting exhibits regarding her fraud allegations during the same time period.  Given Plaintiff's representations that she has been suffering from stress and illness, however, the court finds there is good cause to grant Plaintiff a brief extension to respond to Defendant's pending motions.  The court therefore will extend Plaintiff's response deadline to April 12, 2017.  Plaintiff is advised that no further extensions will be granted absent a showing of good cause and that in evaluating good cause, the court will take into account all previous extensions.  *See* LR IA 6-1(a).

To the extent Plaintiff requested a stay of litigation to allow her to prepare an additional affidavit regarding fraud, the court finds that request is moot given that Plaintiff filed her third affidavit on March 17, 2017.  (Aff. (ECF No. 37).)  The court therefore will deny Plaintiff's request for a stay of litigation.

**III.   CONCLUSION**

IT IS ORDERED that Plaintiff Kimberly A. Maxson's Motion for a Stay or for an Expansion of Time (ECF No. 32) is GRANTED in part and DENIED in part.  It is granted in that the court will give Plaintiff until **April 12, 2017**, to respond to Defendant's pending motions to compel arbitration, to dismiss, and to stay discovery (ECF Nos. 19, 20, and 23).  It is denied in all

1  other respects.

3     DATED: March 21, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**