|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | * * * | |

| | | |
|---|---|---|
| KIMBERLY A. MAXSON, | | Case No. 2:16-cv-00152-APG-CWH |
| Plaintiff, | | |
| v. | | **ORDER (1) GRANTING MOTION TO COMPEL ARBITRATION, (2) GRANTING MOTION TO DISMISS, AND (3) DENYING AS MOOT MOTION TO STAY DISCOVERY** |
| H & R BLOCK, INC., | | |
| Defendant. | | |
| | | (ECF Nos. 19, 20, 23) |

Defendant HRB Resources, LLC (incorrectly identified in the complaint as H&R Block, Inc.) moves to compel arbitration and either to dismiss or to stay the case pending the results of the arbitration. Plaintiff Kimberly Maxson asserts that she has not been given adequate time to respond to HRB's motions or to obtain legal counsel. She also argues that arbitration should not be compelled because the events at issue in this case involve federal criminal violations, and interested parties, such as the United States, would not be involved in the arbitration. She requests a stay of the proceedings so that the alleged criminal conduct can be addressed. Finally, she argues her complaint should not be dismissed because HRB fired her due to her disability and medical restrictions. I grant the motion to compel arbitration, and I dismiss this case.

Maxson agreed to a Tax Professional Employment agreement which contains an arbitration clause. ECF No. 19-2. That clause provides that the parties agree that covered claims will be resolved through final and binding arbitration. *Id.* at 10. Covered claims include disputes relating to Maxson's hiring, "employment, compensation, benefits, and terms and conditions of employment with the Company, or the termination thereof . . . ." *Id.* Certain statutory claims, including claims under the Americans with Disabilities Act (ADA), are specifically mentioned as being subject to arbitration. *Id.* The arbitrator's award is final, "[s]ubject to the parties' right to seek correction, modification, or vactur under the [Federal Arbitration Act]." *Id.* at 12. Maxson

could have opted out of the agreement by submitting a signed opt-out statement but she did not do so. *Id.* at 3, 12.

The Federal Arbitration Act (FAA) mandates that "district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (emphasis in original). As a result, the FAA limits the court's involvement to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.* (quotation omitted).

Maxson does not dispute that she entered into the arbitration agreement and she does not offer any reason why that agreement is invalid. The agreement encompasses Maxson's claims in this case, which are related to her employment at, and termination from, HRB. ECF No. 1. The fact that ADA and other employment-related claims would be subject to arbitration was unambiguously set forth in the agreement. ECF No. 19-2 at 10.

Maxson's argument that the arbitration should not proceed because the United States will not be a party is unavailing. Nothing about enforcing the arbitration agreement will preclude federal criminal charges from being investigated or initiated.

Finally, I deny Maxson's request for a stay or for additional time to respond. Maxson filed this case in January 2016. She thus has had over a year to obtain counsel. Likewise, Maxson has had ample time to respond to HRB's motions. The motions were filed in November 2016. Maxson received two extensions to file her response. ECF Nos. 31, 38. In the interim, she has filed numerous lengthy documents. *See*, *e.g.*, ECF Nos. 30, 32, 36, 37. She thus had plenty of time to prepare a response to these motions.

Accordingly, I grant HRB's motion to compel arbitration. Because all of Maxson's claims are subject to arbitration, I dismiss the case, without prejudice to either party later pursuing their remedies under the FAA as set forth in the agreement. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

/ / / /

IT IS THEREFORE ORDERED that defendant HRB Resources, LLC's motion to compel arbitration **(ECF No. 19)** and motion to dismiss **(ECF No. 20) are GRANTED**. Should plaintiff Kimberly Maxson decide to pursue her claims against HRB Resources, LLC, she is compelled to submit them to arbitration. The claims against defendant HRB Resources, LLC are dismissed without prejudice and the clerk of court is instructed to close this case.

IT IS FURTHER ORDERED that defendant HRB Resources, LLC's motion to stay discovery **(ECF No. 23) is DENIED as moot**.

DATED this 24th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE